**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 20-17697-LMI |
| | ) | |
| ERNESTO VARAS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| _____ | / | |

**OPPOSITION TO MOTION FOR CONTEMPT AND IN THE ALTERNATIVE**
**MOTION FOR RETROACTIVE RELIEF FROM AUTOMATIC STAY**

COMES NOW, Non-Party, DOLORES LOLA MONTADAS (hereinafter, "Montadas"), and her counsel PAUL PLATTE, by and through undersigned counsel, and hereby file this Opposition to the Motion for Contempt filed by Debtor, and request in the alternative that the Court retroactively lift the automatic stay if such stay was ever in place with respect to Montadas' intentional tort/sexual harassment claims against Debtor, and state the following in support thereof:

1. Montadas worked for the Debtor, who is a lawyer licensed in the State of Florida, from July 2019 to May 2020, as a clerical employee. During her employment, Debtor, ERNESTO VARAS (hereinafter, "Varas"), intentionally forced Montadas to watch pornographic videos in the office of Debtor's girlfriend having sex with another man. Debtor ordered Montadas to place ads in the newspaper for prostitutes to come into the office for Debtor. Debtor engaged in intentional sexual harassment and intentional infliction of emotional harm on Montadas.

2. On October 8, 2020, Montadas filed a charge of intentional sexual harassment with United States Equal Employment Opportunity Commission ("EEOC") and the Miami-Dade Commission on Human Rights ("MDCHR") and emailed a copy of the charge to Debtor's lawyer. On August 18, 2021, the MDCHR found that Debtor committed intentional sexual harassment of

Montadas (forcing Montadas to watch pornographic videos and soliciting prostitutes to come into the office for Debtor).

3. On March 25, 2022, Montadas filed a lawsuit in the Circuit Court in and for Miami-Dade County, Florida, to enforce the MDCHR ruling and for intentional infliction of emotional harm.

4. On July 16, 2020, Debtor filed a Chapter 13 Petition for Bankruptcy. Since then, Debtor has filed four amended schedules of assets and liabilities. On March 15, 2021, the Chapter 13 case was dismissed.

5. On March 19, 2021, Debtor refiled the Chapter 13 case. On April 8, 2021, the Chapter 13 case was reinstated.

6. Over the course of one-and-a-half years, in neither the two (2) Chapter 13 petitions nor in the four (4) amended schedules of assets and liabilities, did Debtor ever once list Montadas' intentional sexual-harassment case filed with MDCHR or in any other way refer to Montadas' claim of intentional sexual harassment.

7. Although Montadas' MDCHR case has been pending since October 8, 2020, Debtor never filed a motion to stay that case.

8. In Debtor's summary of assets and liabilities, Debtor listed "Montradas, c/o Paul Platter, Esq. at 311 Court Harrison Ave., Suite 252, Clearwater, FL 33756." The undersigned Attorney Platte has never had that address. Montadas and the undersigned Attorney Platte's names are misspelled. Neither Montadas nor Attorney Platte have ever received any papers from the Bankruptcy Court.

9. In Debor's summary of assets and liabilities, Debtor listed an "unknown," "unsecured" claim by "Montradas", never specifying what the claim was about (e.g. unpaid taxes,

back wages,) and never specifying the case filed with the MDCHR, despite the fact that Debtor had notice of the MDCHR case since October 8, 2020.

10. Claims of sexual harassment and intentional torts are not dischargeable in bankruptcy. *In re Spagnola*, 473 B.R. 518 (SDNY 2012); *In re Deluty*, 540 B.R. 41 (EDNY 2015); *In re Nolan*, 2016 WL 11708101 (MDFLA 2016).

11. During the time that Debtor's bankruptcy case was dismissed, there was no automatic stay of Montadas' MDCHR case. *In re Liebman*, 2017 WL 6550498 (SDFLA 2017).

12. Montadas did not have knowledge that her sexual harassment claim was part of the bankruptcy case because it has never been listed on a bankruptcy schedule, and her sexual harassment claim and intentional tort claims are not dischargeable by bankruptcy. Accordingly, Montadas and her attorney were and are of the belief that her claim against Debtor is not a part of the present Chapter 13 Plan and not subject to any stay or other prohibition under the Bankruptcy Code. For these reasons, Montadas and her counsel request that the Court deny the present Motion for Contempt filed by the Debtor.

13. If anything, it is the Debtor who has engaged in bad faith in his bankruptcy case by never listing Montadas' sexual harassment case on a schedule, never moving for a stay of Montadas' case, and lulling Montadas into believing her sexual harassment claim is not dischargeable in bankruptcy, while now suddenly requesting that the Court enter a contempt finding against Montadas and her counsel.

14. Moreover, if the Court is of the opinion that Montadas claim is subject to the automatic stay, then Montadas requests that the Court lift the stay retroactively so as to allow her to proceed with the action she has filed to enforce the decision of the MDCHR and liquidate the amount of her damages.

15. Montadas will testify that there is equity in the property of the estate. That property is necessary for an effective reorganization.

16. As detailed above, there are able grounds for retroactive relief from the automatic stay as a request to lift the stay would likely have been granted earlier if Montadas had been given proper notice that her sexual harassment case was part of the bankruptcy case.

17. Failure to grant retroactive relief would cause unnecessary expense and prejudice to Montadas.

18. Debtor's failure to provide Montadas or the undersigned attorney proper notice of the bankruptcy, failure to list Montadas' sexual harassment case in the bankruptcy court, and failure to move for an automatic stay prior to now, Montadas has detrimentally changed her position by not participating in the bankruptcy case and by filing the case against Debtor in with the MDCHR, and by filing an action in Circuit Court.

19. Retroactive relief from any automatic stay is appropriate. *In re Liebman*, 2017 WL 6550498 (SDFLA 2017); *In re Stockwell,* 262 B.R. 275, 281 (D. VT. 2001).

WHEREFORE, Montadas and her counsel request that the Court deny the present Motion for Contempt and in the alternative, if the Court deems Montadas' claim to be subject to the stay, move for the Court to retroactively lift the automatic stay so as to allow her to proceed with her action to enforce the findings of the MDCHR.

Dated this 18th day of July 2022.

        Respectfully submitted,

        */s/ J. Andrew Meyer*
        J. Andrew Meyer, Esq.
        Florida Bar No.: 56766
        ameyer@finnlawgroup.com
        pleadings@finnlawgroup.com
        **FINN LAW GROUP, P.A.**

8380 Bay Pines Boulevard<br>
St. Petersburg, Florida 33709<br>
Telephone: (727) 214-0700<br>
Facsimile: (727) 475-1494<br>
*Co-Counsel for Dolores Montadas*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July 2022, I electronically filed the foregoing *Opposition to Motion for Contempt and in the Alternative Motion for Retroactive Relief from Automatic Stay* via the CM/ECF Portal, which will generate a Notice of Electronic Filing to the following:

Office of the U.S. Trustee
51 S.W. 1st Avenue
Suite 1204
Miami, Florida 33130
*U.S. Trustee*

Nancy K. Neidich
P.O. Box 279806
Mirimar, Florida 33027
Email: www.ch13miami.com
*Trustee*

Carlos A. Santos, II, Esq.
8100 West Flagler Street
Miami, Florida 33144
Email: csantoslaw@hotmail.com
*Counsel for Debtor*

Ernesto Varas
3201 W. 14th Lane
Hialeah, Florida 33012
*Debtor*

<u>/s/ J. Andrew Meyer</u><br>
J. Andrew Meyer, Esq.